IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA

        No. 3:11-CR-00517-HZ-1
        No. 3:11-CR-00525-HZ

      v.

        OPINION & ORDER

JOSE LIZARRARAS-CHACON,

        Defendant.

Billy J. Williams
Acting United States Attorney
District of Oregon

Leah K. Bolstad
Assistant United States Attorney
1000 SW 3rd Ave. Ste. 600
Portland OR 97204

       Attorneys for United States of America

OPINION & ORDER - 1

Jose Lizarraras-Chacon
Reg. No. 73982-065
Federal Correctional Institution II
P.O. Box 5010
Oakdale, LA 71463

      Pro se petitioner


HERNÁNDEZ, District Judge:

      Defendant Jose Lizarraras-Chacon pleaded guilty to charges of drug trafficking and illegal re-entry in November of 2012. This Court accepted the parties' recommendation and sentenced Lizarraras-Chacon to 210 months for the drug charges. The Court also imposed a 33-month conviction for the illegal reentry and ordered it to run concurrently with the drug trafficking sentence. Currently before the Court are Lizarraras-Chacon's *pro se* motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

DISCUSSION

      Lizarraras-Chacon is currently incarcerated at a federal correctional institution. See Def. Mot., ECF No. 177, at 4. Lizarraras-Chacon moves to dismiss the "Indictment, Conviction and Sentence for lack of Exclusive Legislative and subject Matter jurisdiction  pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure[.]" Defendant's Motion to Dismiss ("Def. Mot."), ECF No. 177 in Case No. 3:11-cr-00517-HZ-01; ECF No. 44 in Case No. 3:11-cr-00525-HZ-01, at 1 (capitalization in original).

      As a general rule, 28 U.S.C. § 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Harrison v. Ollison, 519 F.3d 952, 955 (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)). The Federal Rules of Civil

Procedure are not a source of post-conviction relief. <u>United States v. Speelman</u>, 431 F.3d 1226, 1229–30 (9th Cir. 2005) (explaining the only ways to challenge a sentence, none of which include a motion under the Federal Rules of Civil Procedure); <u>see also</u> <u>United States v. Richmond</u>, No. CIV. 06-70000-KI, 2007 WL 2729474, at *1 (D. Or. Sept. 14, 2007) (stating that the Rules of Civil Procedure do not apply to post-conviction motions for relief) (citing <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir. 1998)).

Lizarraras-Chacon's motion asserts that the Court lacked jurisdiction. That type of challenge is specifically stated in Section 2255 as a claim properly addressed through a habeas proceeding. <u>See</u>. 28 U.S.C. § 2255(a) ("A prisoner in custody under a sentence . . . claiming the right to be released upon the ground that . . . the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

Although Lizarraras-Chacon's motion is not captioned as a habeas petition, federal courts have the power to look past the "legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003). An application filed in the sentencing court that substantively falls within the scope of Section 2255 is analyzed as a motion under that Section, regardless of how the defendant labels it. <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530–31 (2005) (describing different challenges brought under Federal Rule of Civil Procedure 60(b), and explaining that those motions are "in substance a . . . habeas petition and should be treated accordingly.").

Before "recharacterizing" a *pro se* prisoner's motion as a Section 2255 motion, the Supreme Court requires the district court to 1) notify the *pro se* prisoner that the court intends to recharacterize the pleading, and 2) provide the prisoner a chance to withdraw his motion or

amend it so that it includes all of the Section 2255 claims he believes he has. Castro v. United

States, 540 U.S. 375, 381 (2003).

If Lizarraras-Chacon chooses to have his motions to dismiss for lack of subject matter

jurisdiction under Federal Rule of Civil Procedure 12(b)(1) treated as a motion to vacate, set

aside, or correct his sentence under Section 2255, the Court offers the following warning.

Section 2255 puts a limit on the district court's ability to rule on motions to vacate, set aside, or

correct sentences. A prisoner-litigant must present all of the grounds he believes he has for

setting aside or vacating his sentence in one motion. Once the Court rules on his first Section

2255 motion, a prisoner-litigant can only bring a second or successive motion or petition with the

authorization of the appropriate court of appeals. 28 U.S.C. §§ 2244(a), 2255. The relevant

statutes are reproduced below.

28 U.S.C. § 2244(a) provides:

> (a) No circuit or district judge shall be required to entertain an application for a
> writ of habeas corpus to inquire into the detention of a person pursuant to a
> judgment of a court of the United States if it appears that the legality of such
> detention has been determined by a judge or court of the United States on a
> prior application for a writ of habeas corpus, except as provided in section
> 2255.

28 U.S.C. § 2255(h) provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a
> panel of the appropriate court of appeals to contain--
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence
>> as a whole, would be sufficient to establish by clear and convincing evidence
>> that no reasonable factfinder would have found the movant guilty of the
>> offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review
>> by the Supreme Court, that was previously unavailable.

OPINION & ORDER - 4

In other words, Lizarraras-Chacon must present all the reasons he believes his sentence violates the Constitution or federal law in one motion. Once he files that motion, the only way he can file a new motion is by showing the Court of Appeals that he has new evidence establishing that he is innocent of the crime he was sentenced for, or there is a new Supreme Court case that applies to his situation.

Given this information, Lizarraras-Chacon can either withdraw his motions, he can give the Court permission to use his current motions as his only Section 2255 challenge, or he can add information to the current motions and use that new motion as his only Section 2255 challenge.

CONCLUSION

For the reasons stated, Lizarraras-Chacon must notify the Court in writing by June 15, 2015, whether he: (1) withdraws his motions; (2) consents to the recharacterization of the motions, as filed, as Section 2255 motions; or (3) consents to the recharacterization of the motions as arising under Section 2255, but he will amend it to include other Section 2255 claims.

Dated this _29_ day of _May_, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

OPINION & ORDER - 5