IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JOSE LIZARRARAS-CHACON,

    Defendant.

No. 3:11-cr-00517-HZ

OPINION & ORDER

Billy J. Williams
United States Attorney
Leah K. Bolstad
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

1 – OPINION & ORDER

Lisa C. Hay
Federal Public Defender
Stephen R. Sady
Chief Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Defendant, Jose Lizarraras-Chacon, moves to reduce his sentence from 210 months to 169 months under 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines"). The parties agree that Amendment 782 retroactively reduced Defendant's range under the Guidelines from 210–262 months to 168–210 months. However, Plaintiff opposes the motion and requests that the Court not reduce Defendant's 210-month sentence. Because Defendant's current sentence is within the reduced range and the circumstances and nature of his crimes are reflected in that sentence, the Court denies Defendant's motion.

## BACKGROUND

Defendant's arrest was the result of an investigation conducted by officers from the Portland Police Bureau ("PPB") and the St. Helens Police Department, some of which were assigned to the Columbia Enforcement Narcotics Team ("CENT"). Confidential informants told CENT that Defendant and his wife, Co-Defendant Maria Gonzalez-Torres, were selling heroin out of their Gresham apartment. Gonzalez-Torres received orders for heroin over the phone from confidential informants and Defendant delivered the heroin by car, often accompanied by his small children. CENT officers then utilized confidential informants to make several controlled buys from Defendant and his co-conspirators. At some point in 2011, the couple moved their

operation to an apartment in Portland, at which point PPB's Drugs and Vice Division became involved as well.

On November 29, 2011, PPB officers pulled over Defendant and Gonzalez-Torres. There were three small children in the car ages seven, four, and two-months. The officers found heroin separated into bags for distribution in Gonzalez-Torres's bra. She admitted that she had moved the heroin from the diaper bag in the car into her bra to better hide it from police. At Defendant's apartment, police found over $84,000 in cash, 470 grams of heroin inside of a diaper genie, and heroin stashed in the children's slippers. Gov't Sentencing Memo. at 8–9, Ex. 1, ECF 159. The officers also recovered a semi-automatic handgun next to a loaded magazine within reach of the small children. *Id.*

On November 6, 2012, the first day of Defendant's trial, he pleaded guilty to Counts 1 and 2 of the Superseding Indictment: conspiracy to possess with intent to distribute heroin; and possession with intent to distribute heroin. Pet. to Enter Plea of Guilty, ECF 145; *see also* Nov. 6, 2012, Minutes of Proceedings, ECF 143 (describing the circumstances of Defendant's decision to plead guilty). The Court sentenced Defendant to 210 months of imprisonment. Judgment at 2, ECF 161.

Defendant's sentence was at the low-end of the applicable Guidelines' range. The presence of 3 to 10 kilograms of heroin put Defendant's base Offense Level at 34. U.S.S.G. § 2D1.1(a), (c)(4). After taking into account sentence enhancements and reductions, the Court found that Defendant's total Offense Level was 35 in Criminal History Category III, setting the applicable range at 210–262 months. Defendant's Offense Level included the following enhancements: possession of a firearm (§ 2D1.1(b)(1)); aggravating role as a leader (§ 3B1.1(c)); and using children in the offense (§ 2D.1.1(b)(15)(B)).

On November 1, 2014, Amendment 782 became effective, reducing the Offense Score associated with the Drug Quantity Table by two levels. In light of Amendment 782, Defendant's Offense Score should be reduced from 35 to 33 with an applicable sentence range of 168–210 months. Now, the parties dispute whether Defendant's sentence should be modified to 169 months or remain at 210 months.

## LEGAL STANDARDS

The Court has the authority to modify Defendant's sentence under 18 U.S.C. § 3582(c)(2). The authority to modify a previously-imposed prison sentence "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v United States*, 560 U.S. 817, 828 (2010). Courts must consider the factors set out in 18 U.S.C. § 3553(a) when determining the length of the term of imprisonment to impose. Those factors include:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

*United States v. Dunn*, 728 F.3d 1151, 1158 n.6 (9th Cir. 2013) (quoting *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013)). In this case, the relevant policy statement provides that courts shall substitute only the retroactive amendment "and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 "The goal of the sentence modification is to 'isolate' the effect of the amended Guideline while leaving undisturbed the other factors that determined the sentence imposed." *United States v. Davis*, 825 F.3d 1014, 1026–27 (2016) (citing *United States v. Freeman*, 564 U.S. 522, 530 (2011)).

The Guidelines are only advisory and not mandatory. *United States v. Booker*, 543 U.S. 220, 233–34 (2005). However, a defendant's sentencing range must be correctly calculated and the Guidelines are the "starting point and the initial benchmark." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "The district court must make an individualized determination based on the facts." *Id.* The court must give the parties a "chance to argue for a sentence they believe is appropriate." *Id.* To permit meaningful appellate review, the "district court need not tick off each of the § 3553(a) factors[,]" and need only to discuss the parties' nonfrivolous arguments tethered to the factors and explain why the court either accepts or rejects the party's position. *Id.* at 992–93 (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)).

## DISCUSSION

Defendant's 210-month sentence was the benefit of the bargain that he struck with Plaintiff on the first day of trial to avoid the 240-month mandatory minimum that he was facing. Defendant wanted a sentence that was less than the twenty-year minimum and the parties formed a plea agreement for seventeen and one-half years (210 months). *See* Plea Agreement at ¶ 14, ECF 144. That sentence was approved by the Court after an evaluation of all of the § 3553(a) factors. The policy statement relevant to Amendment 782 requires the Court to leave its prior § 3553(a) findings undisturbed. U.S.S.G. § 1B1.10(b)(1). The Court is required only to account for the two-level reduction to the Offender Score based on the quantity of heroin involved in Defendant's crimes. *See* U.S.S.G. § 2D1.1(a), (c)(4) (amended to reduce the Offender Level for 3–10 Kg. of heroin from 34 to 32). That reduction changed Defendant's applicable sentencing range from 210–262 months to 168–210 months. *Id.*

As discussed above, the Court is required to consider the parties' arguments relating to the § 3553(a) factors. First, the Court will consider the nature and circumstances of Defendant's crimes. Defendant and his wife ran a heroin dealing operation out of their apartment. Defendant used his children to hide evidence of his crimes. He delivered substantial quantities of heroin to buyers by car and often brought his small children with him to reduce police suspicion. At the time of the traffic stop that led to Defendant's arrest, his seven-year-old daughter was present in the car. She told officers that she knew her father had sold drugs and that she knew the drugs were in black and brown baggies. Defendant hid heroin and heroin money in his children's diapers, diaper genie, slippers, and box spring mattress, among other places. Furthermore, Defendant left a semi-automatic handgun and loaded magazine in a low-shelf in a closet that the small children could reach.

As to Defendant's history and characteristics, he was convicted in Oregon for delivery of a controlled substance (heroin) in 2010. He was deported as a result of that conviction, returned to the United States illegally, and was selling heroin once again by early 2011. While Defendant stashed tens of thousands of dollars in drug-money in his children's belongings, his family received government assistance in the form of food stamps.

Defendant argues that his conduct as a model inmate in prison is highly relevant to this inquiry and sheds light on whether he is likely to engage in future criminal conduct. Defendant's positive detention record covering the first three years of his seventeen and one-half years sentence does not overcome his multiple convictions for dealing heroin and the purposes underlying his 210-month sentence. While the Court encourages Defendant to continue his good conduct in prison, his reward for that positive behavior is good-time credit; the Court is not convinced that his good behavior also warrants an additional reduction to his sentence. The

Court finds that Defendant's 210-month sentence adequately provides just punishment for the offense, promotes respect for the law, and deters the commission of future offenses. 18 U.S.C. § 3553(a)(2).

Regarding the sentence range available under the Guidelines, Defendant argues that a 169-month sentence would reflect the seriousness of his offense because it is within the new guideline range. Defendant's position is that 169 months is equivalent with his original 210-month sentence because both are at the low-ends of their ranges. The Court disagrees. Defendant's sentence was based on the parties' agreement that he receive less than twenty years in prison rather than an agreement that he be sentenced to a term of imprisonment on the low-end of a range that had not yet been determined. In any event, Defendant's sentence remains within the reduced guideline range. Furthermore, the seriousness of Defendant's offense is adequately accounted for in his current 210-month sentence. Defendant's Offense Level of 33 properly reflects enhancements for his leadership role in the heroin operation, his use of his children, and his possession of a firearm. The Court finds that his 210-month sentence is commensurate with those enhancements.

Defendant also argues that public safety does not require the original 210-month sentence given that his offense was non-violent despite the presence of a firearm. The Court agrees that Defendant's sentence did not include an enhancement relating to violence or the threat thereof under U.S.S.G. § 2D1.1(b)(2); however, Defendant's Offender Score and current 210-month sentence does reflect a two-level upward adjustment for possession of a dangerous weapon (firearm). *See* U.S.S.G. § 2D1.1(b)(1). Furthermore, Defendant sold large quantities of heroin, a potentially lethal drug, which poses a serious public safety risk. It is telling that a prior

conviction and deportation for a heroin-related offense did not deter Defendant from returning to Oregon illegally to sell heroin once more.

## CONCLUSION

After considering the § 3553(a) factors, the Court concludes that Defendant's sentence should not be modified. Accordingly, the Court DENIES Defendant's motion to modify or reduce his sentence [211].

DATED this \_\_\_2\_\_\_ day of \_\_\_June\_\_\_, 2017.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge