IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


UNITED STATES OF AMERICA,                 No. 3:11-cr-00517-HZ

      v.

JOSE LIZARRARAS-CHACON,                 OPINION & ORDER

      Defendant.

Billy J. Williams
United States Attorney
Leah K. Bolstad
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204

      Attorneys for Plaintiff

Elizabeth G. Daily
Federal Defenders Office
101 SW Main St., Suite 1700
Portland, OR 97204

      Attorney for Defendant

HERNÁNDEZ, District Judge:

Defendant Jose Lizarraras-Chacon moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines"). For the reasons that follow, the motion is denied.

## BACKGROUND

Mr. Lizarraras-Chacon's arrest was the result of an investigation conducted by officers from the Portland Police Bureau ("PPB") and the St. Helens Police Department, some of which were assigned to the Columbia Enforcement Narcotics Team ("CENT"). Confidential informants told CENT that Mr. Lizarraras-Chacon and his wife, Co-Defendant Maria Gonzalez-Torres, were selling heroin out of their Gresham apartment. Ms. Gonzalez-Torres received orders for heroin over the phone from confidential informants, and Mr. Lizarraras-Chacon delivered the heroin by car, often accompanied by his small children. CENT officers then used confidential informants to make several controlled buys from Mr. Lizarraras-Chacon and his co-conspirators. At some point in 2011, the couple moved their operation to an apartment in Portland, at which point PPB's Drugs and Vice Division became involved as well.

On November 29, 2011, PPB officers pulled over Mr. Lizarraras-Chacon and Ms. Gonzalez-Torres. There were three small children in the car ages seven, four, and two-months. The officers found heroin separated into bags for distribution in Ms. Gonzalez-Torres's bra. Ms. Gonzalez-Torres admitted that she had moved the heroin from the diaper bag in the car into her bra to better hide it from police. At Mr. Lizarraras-Chacon's apartment, police found over $84,000 in cash, 470 grams of heroin inside a diaper genie, and heroin stashed in the children's slippers. Gov't Sentencing Memo. at 8–9, Ex. 1, ECF 159. The officers also recovered a semi-automatic handgun next to a loaded magazine within reach of the small children. *Id.*

Mr. Lizarraras-Chacon was charged with eight federal counts, including Conspiracy to Possess with Intent to Distribute Heroin (Count 1) and Possession with Intent to Distribute Heroin (Count 2). ECF 28. On November 6, 2012, the first day of his trial, Mr. Lizarraras-Chacon pleaded guilty to Counts 1 and 2. Pet. to Enter Plea of Guilty, ECF 145; *see also* Nov. 6, 2012, Minutes of Proceedings, ECF 143 (describing the circumstances of Mr. Lizarraras-Chacon's decision to plead guilty). At the time, Counts 1 and 2 carried a mandatory minimum sentence of twenty years in prison.

After considering sentence enhancements and reductions, the Court found that Mr. Lizarraras-Chacon's total Offense Level was 35 in Criminal History Category III, setting the applicable range at 210–262 months. This Offense Level included the following enhancements: possession of a firearm (§ 2D1.1(b)(1)); aggravating role as a leader (§ 3B1.1(c)); and using children in the offense (§ 2D.1.1(b)(15)(B)). The Court sentenced Mr. Lizarraras-Chacon to 210 months of imprisonment, the low-end of the applicable Guidelines range. Judgment at 2, ECF 161.

On November 1, 2014, Amendment 782 became effective, reducing the Offense Score associated with the Drug Quantity Table by two levels. On April 21, 2016, Mr. Lizarraras-Chacon moved to reduce his sentence from 210 months to 169 months in light of this amendment, which had reduced his Offense Score from 35 to 33, with an applicable sentence range of 168–210 months. ECF 211. After considering the 18 U.S.C. § 3553(a) factors, the Court concluded that Mr. Lizarraras-Chacon's sentence should not be modified and denied the motion. ECF 220. Now, Mr. Lizarraras-Chacon moves again to reduce his sentence. ECF 223.

## STANDARDS

Under 18 U.S.C. § 3582(c)(2),

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v United States*, 560 U.S. 817, 828 (2010). The exception, however, is limited; it "does not authorize a resentencing." *Id.* at 831. Rather, "it permits a sentence reduction within the narrow bounds established by the Commission." *Id.*

Under these narrow bounds, a court "'shall substitute' the amended Guidelines range for the initial range 'and shall leave all other guideline application decisions unaffected.'" *Id.* (quoting § 1B1.10(b)(1), the applicable policy statement). A court cannot, therefore, correct aspects of a sentence not affected by an amendment to the guideline range, as these "are outside the scope of the proceeding authorized by § 3582(c)(2)." *Id.* In other words, "[t]he goal of the sentence modification is to 'isolate' the effect of the amended Guideline while leaving undisturbed the other factors that determined the sentence imposed." *United States v. Davis*, 825 F.3d 1014, 1026–27 (2016) (citing *United States v. Freeman*, 564 U.S. 522, 530 (2011)).

Once a court has substituted the amended guideline range for the initial range, a court must consider the factors set forth in 18 U.S.C. § 3553(a). These factors include:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

*United States v. Dunn*, 728 F.3d 1151, 1158 n.6 (9th Cir. 2013) (quoting *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013)). To permit meaningful appellate review, the "district court need not tick off each of the § 3553(a) factors." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Instead, the court must only discuss the parties' nonfrivolous arguments tethered to the factors and explain why the court either accepts or rejects the party's position. *Id.* at 992–93 (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)).

## DISCUSSION

In 2017, the Court considered the impact of Amendment 782 on Mr. Lizarraras-Chacon's sentence. *See United States v. Lizarraras-Chacon*, 3:11-cr-00517-HZ-1 (D. Or. June 2, 2017) ("O&O"), ECF 220. After reviewing the 18 U.S.C. § 3553(a) factors, the Court concluded that Mr. Lizarraras-Chacon's sentence of 210 months should not be modified. *Id.* at 8.

Now, in this second motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2), Mr. Lizarraras-Chacon raises four new arguments. He argues that (1) the "20-year mandatory minimum enhancement that induced Mr. Lizarraras-Chacon's agreement to a 17.5-year sentence" is no longer lawful under *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019); (2) "Congress definitively abolished the 20-year mandatory minimum enhancement in the First Step [Act] of 2018, replacing it with a 15-year minimum that is triggered only by a more serious prior conviction; (3) "the Supreme Court's intervening decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018), provides new statutory guidance for implementing § 3582(c)(2);

and (4) evidence of his post-offense rehabilitation over the course of eight years in custody "continues to demonstrate that the requested fourteen-year term of imprisonment—requiring at least four more years in custody—is sufficient to serve the purposes of sentencing." Def. Reply 1–2, ECF 233. The government argues that the Court's prior opinion is now the law of the case and precludes reconsideration of these issues. In the alternative, the government argues that "defendant's showing regarding his model conduct as an inmate since the Court's prior decision is not sufficient to justify a reduction in sentence for all the same Section 3553(a) reasons the Court listed in the prior decision defendant's motion for reduction." Gov't Resp. 1–2, ECF 225.

As a preliminary matter, the Court does not find that its prior opinion precludes reconsideration of the issues at hand. A district court has jurisdiction to entertain a second motion for relief under § 3582(c)(2). *United States v. Trujillo*, 713 F.3d 1003, 1007 (9th Cir. 2013). Even if the law of case precluded reconsideration, a court has discretion to depart where "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). Mr. Lizarraras-Chacon argues there are both intervening changes in the law and changed factual circumstances. The Court will therefore consider his second motion for relief under § 3582(c)(2).

Mr. Lizarraras-Chacon's second motion for relief does not provide a basis to modify his sentence under § 3582(c)(2). As noted above, a defendant may not rely on § 3582(c)(2) to correct aspects of a sentence not affected by an amendment to his guideline range. *Dillon*, 560 U.S. at 831. Mr. Lizarraras-Chacon's arguments regarding the current state of the law surrounding a mandatory minimum—to which he was not sentenced—challenge an aspect of a sentence not

and (4) evidence of his post-offense rehabilitation over the course of eight years in custody "continues to demonstrate that the requested fourteen-year term of imprisonment—requiring at least four more years in custody—is sufficient to serve the purposes of sentencing." Def. Reply 1–2, ECF 233. The government argues that the Court's prior opinion is now the law of the case and precludes reconsideration of these issues. In the alternative, the government argues that "defendant's showing regarding his model conduct as an inmate since the Court's prior decision is not sufficient to justify a reduction in sentence for all the same Section 3553(a) reasons the Court listed in the prior decision defendant's motion for reduction." Gov't Resp. 1–2, ECF 225.

As a preliminary matter, the Court does not find that its prior opinion precludes reconsideration of the issues at hand. A district court has jurisdiction to entertain a second motion for relief under § 3582(c)(2). *United States v. Trujillo*, 713 F.3d 1003, 1007 (9th Cir. 2013). Even if the law of case precluded reconsideration, a court has discretion to depart where "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). Mr. Lizarraras-Chacon argues there are both intervening changes in the law and changed factual circumstances. The Court will therefore consider his second motion for relief under § 3582(c)(2).

Mr. Lizarraras-Chacon's second motion for relief does not provide a basis to modify his sentence under § 3582(c)(2). As noted above, a defendant may not rely on § 3582(c)(2) to correct aspects of a sentence not affected by an amendment to his guideline range. *Dillon*, 560 U.S. at 831. Mr. Lizarraras-Chacon's arguments regarding the current state of the law surrounding a mandatory minimum—to which he was not sentenced—challenge an aspect of a sentence not

affected by an amendment to the guideline range. Amendment 782, the only amendment identified by the parties, effectively lowered Mr. Lizarras-Chacon's guideline range from 210–262 months to 168–210 months; it did not retroactively amend the mandatory minimum sentence in place when Mr. Lizarraras-Chacon was sentenced. While Mr. Lizarraras-Chacon may not have accepted the same offer were he faced with the law as it stands today, Mr. Lizarraras-Chacon's current sentence still falls within the amended guideline range of 168–210 months.

To the extent that Mr. Lizarraras-Chacon may be arguing that changes to the relevant mandatory minimum under *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019) and the First Step Act of 2018 somehow change the Court's analysis of the § 3553(a) factors, the Court does not agree. Mr. Lizarraras-Chacon does not explain how changes to a mandatory minimum might fit within the § 3553(a) framework. By the Court's reading, § 3553(a)(4)(A) appears to be the most relevant factor. Yet § 3553(a)(4)(A) provides only that the Court shall consider:

> (4) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>>
>>> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>>
>>> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentence[.]

Section 3553(a)(4)(A) therefore does not appear to contemplate changes to a mandatory minimum by act of Congress or ruling from the courts. Again, while Mr. Lizarraras-Chacon may not have accepted the same offer were he faced with the decision today, his current sentence still

falls within the guideline range in effect on the date he was sentenced *and* within the guideline range currently in place. Thus, his arguments do not change the Court's first analysis of the § 3553(a) factors, or its conclusion that a sentence of 210 months adequately accounts for the seriousness of the offense. *See Hughes*, 138 S. Ct. at 1778 ("If the district court concludes that it would have imposed the same sentence even if the defendant had been subject to the lower range, then the court retains discretion to deny relief.").

As to Mr. Lizarraras-Chacon's argument regarding his continued post-offense rehabilitation, he has identified no new evidence that convinces the Court that its earlier analysis of the § 3553(a) factors should change. As stated in the first O&O, Mr. Lizarraras-Chacon's positive detention record does not overcome his multiple convictions for dealing heroin and the purposes underlying his 210-month sentence. While the Court encourages Mr. Lizarraras-Chacon to continue his good conduct in prison, his reward for that positive behavior is good-time credit; the Court is not convinced that his good behavior also warrants an additional reduction to his sentence. The Court therefore adopts its previous analysis in full and denies the motion for reduction of sentence under § 3582(c)(2).

## CONCLUSION

After considering the parties' arguments, and the § 3553(a) factors, the Court concludes that Mr. Lizarraras-Chacon's sentence should not be modified. Accordingly, the Court DENIES Mr. Lizarraras-Chacon's second motion to modify or reduce his sentence [223].

IT IS SO ORDERED.

Dated: \_\_\_\_January 10, 2020_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge