IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:11-cr-00517-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| JOSE LIZARRARAS-CHACON, | |
| Defendant. | |

Billy J. Williams
United States Attorney
Amy E. Potter
Assistant United States Attorney
United States Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, OR 97401

    Attorneys for Plaintiff

Devin D. Huseby,
Assistant Federal Public Defenders
15 Newtown Street
Medford, Oregon 97501

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Defendant's motion. For the following reasons, the motion is denied.

## BACKGROUND

On November 6, 2018, Defendant pleaded guilty to Conspiracy to Possess with the Intent to Distribute Heroin and Possession with the Intent to Distribute Heroin. Pet. & Order Entering Guilty Plea, ECF 145. The Court sentenced Defendant to two hundred and ten months imprisonment. J. & Commitment, ECF 161. At the time of filing this motion, Defendant's projected release date was October 27, 2026. Def. Mot. 3, ECF 242. Upon release, he will enter the custody of Immigration and Customs Enforcement pursuant to a detainer filed December 30, 2011. *Id.* at 4. Defendant is currently serving his sentence at FCI Oakdale II.

Prior to this motion, Defendant filed two other motions to modify or reduce his sentence which this Court denied. ECF 220; ECF 234. On April 21, 2016, Defendant moved to reduce his sentence from 210 months to 169 months under 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the U.S. Sentencing Guidelines. *United States v. Lizarraras-Chacon*, 3:11-cr-00517-HZ-1 (D. Or. June 2, 2017) ("O&O"), ECF 220. This Court denied the motion because Defendant's sentence remained within the reduced range and reflected the circumstances and nature of his crimes. *Id.* Approximately three years later, he filed a second motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) raising new arguments. Mo. to Reduce Sentence, ECF 211. The Court denied his second motion to modify or reduce his sentence finding that his arguments did not "change the Court's first analysis of the §3553(a) factors, or its conclusion that a sentence of

210 months adequately accounts for the seriousness of the offense." *United States v. Lizarraras-Chacon*, 3:11-cr-00517-HZ-1 (D. Or. Jan. 10, 2020) ("O&O"), ECF 234.

On April 15, 2020, Defendant filed a Notice of Appeal on the second motion for a reduction in sentence which is currently pending before the Ninth Circuit. ECF 235 (Ninth Circuit Case No. 20-30001).

Defendant now moves a third time to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i)—the compassionate release section of the statute.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); Dillon v. United States, 560 U.S. 817, 824–25 (2010). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), however, Congress authorized the district court to modify a defendant's sentence on a motion for compassionate release:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances; and (D) other reasons, as determined by

3 – OPINION & ORDER

the Director of the BOP, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n. 1(A)–(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a), and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

The defendant seeking a reduction of his sentence bears the burden to establish that the defendant has exhausted his administrative remedies and that extraordinary and compelling reasons exist to warrant a reduction of his or her sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998).

## DISCUSSION

Defendant is a 55-year-old man who suffers from a series of chronic health conditions. Def. Mot.2. He argues that these medical conditions, combined with the growing pandemic and particular vulnerability of prisoners, provide extraordinary and compelling reasons to reduce his sentence. *Id.*

The Government opposes Defendant's motion, arguing the Court lacks jurisdiction to modify his sentence and that while Defendant's health conditions may satisfy the standard for extraordinary and compelling circumstances, he has not shown that he is not a danger to the community.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) (citations omitted); *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993). This rule applies in criminal cases. *United States v. Coleman*, 688 F.2d 663, 664 (9th Cir. 1982) (citing *Berman v. United States*, 302 U.S. 211, 214).

Defendant's second motion for a reduced sentence per 18 U.S.C. § 3582(c)(2) is on appeal before the Ninth Circuit. Defendant now asks this Court to consider another motion for a reduction in sentence per 18 U.S.C. § 3582(c)(1)(A)(i). Even though each motion requires the court to consider different factors, his motions concern the same core issue—the length and appropriateness of Defendant's sentence. Accordingly, Defendant's pending appeal divests this Court of jurisdiction to consider the motion.

Where a district court lacks jurisdiction due to a pending appeal, Federal Rule of Criminal Procedure 37 allows the court to: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). The advisory committee notes list "motions under 18 U.S.C. § 3582(c)" as one of three types of motions for which the drafters "anticipate[ ] that Criminal Rule 37 will be used primarily if not exclusively." Fed. R. Crim. P. 37 advisory committee's note (2012).

Defendant urges this Court to issue an indicative ruling pursuant to Rule 37. However, while the length of his sentence remains on appeal, the Court declines to reach the merits of Defendant's motion and issue an indicative ruling.

5 – OPINION & ORDER

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [242] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED: _November 5, 2020_ .

_Marco Hernandez_
MARCO A. HERNÁNDEZ
United States District Judge

6 – OPINION & ORDER